IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                          No. CV 13-0606 LH/LAM
                              CR 11-0290 LH

LEOPOLDO CASTANEDA,

    Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Leopoldo Castaneda's § 2255 motion [*Doc. 1*],[2] filed on May 13, 2013. Plaintiff/Respondent (hereinafter "the Government") filed a response to the Section 2255 motion on November 8, 2013. [*Doc. 9*]. Defendant filed an unopposed motion to file a reply to the Government's response by December 19, 2013 (*Doc. 10*), which was granted by the Court (*Doc. 11*). No reply has been filed and the time for doing so has passed. Senior United States District Judge C. LeRoy Hansen referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-11-0290, the undersigned recommends, for the reasons set forth below, that the

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0606.

claim raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and that Case No. CIV-13-0606 be **DISMISSED with prejudice**.

In his Section 2255 motion, Defendant claims that his trial counsel was ineffective because he led Defendant to believe that his sentence range would be either 63-78 months or 87-108 months of imprisonment, but, instead, Defendant was sentenced in accordance with a sentencing range of 135-168 months. [*Doc. 1* at 2-3]. Therefore, Defendant claims that his plea agreement was involuntary and should be set aside. *Id.* at 4.

## Factual and Procedural Background

On February 10, 2011, Defendant, along with a co-defendant, was charged by indictment with distribution of 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2. [*Doc. 15*, filed in Case No. CR-11-0290]. On October 17, 2011, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to the charges in the indictment. [*Doc. 50*, filed in Case No. CR-11-0290, at 2]. The Government states that, prior to Defendants' sentencing hearing, a Presentence Report (hereinafter, "PSR") was prepared by the United States Probation Office, which found that Defendant's advisory guideline range was 135-168 months of imprisonment, based on an offense level of 33 and a Criminal History Category I. [*Doc. 9* at 2].[3] On May 28, 2012, Defendant's counsel filed a sentencing memorandum in which he asked the Court to find that Defendant's role in the drug transaction would qualify him as a minimal participant in order to qualify for a lower sentencing range pursuant to the sentencing guidelines. [*Doc. 60*, filed in

---

[3] It is the Court's practice to not file confidential PSRs on the Court's CM-ECF docket, and neither party provided a copy of the PSR in their submissions. The Court has determined that its review of the PSR is not necessary for the Court's determination of Defendant's Section 2255 motion inasmuch as neither party disputes the content of the PSR.

Case No. CR-11-0290].  On June 6, 2012, the Court sentenced Defendant to 135 months of imprisonment, followed by two years of unsupervised release.  [*Doc. 63*, filed in Case No. CR-11-0290, at 2-3].  Defendant filed his § 2255 motion on June 17, 2013.  [*Doc. 1*].

## Discussion

Defendant claims that his trial counsel was ineffective because he led Defendant to believe that his sentencing range would be either 63-78 months or 87-108 months of imprisonment, but, instead, Defendant was sentenced to 135 months of imprisonment.  [*Doc. 1* at 2-3].  Defendant states that his trial counsel prepared a hand-written chart, which he gave to Defendant, showing that the plea agreement would yield a total offense level 29 under the sentencing guidelines, which would place Defendant in a guideline sentencing range of 87-108 months, and further showed that, if the Court adjusted Defendant's offense level down three points due to Defendant's minimal participation, the guideline range would be even lower at 63-78 months.  *Id.* at 3.  Defendant contends that, because this chart contained information that was radically different than the sentencing range adopted by the Court, Defendant did not have the information he needed to make an informed choice about the plea offer.  *Id.*  Therefore, Defendant contends that his plea agreement was involuntary and should be set aside.  *Id.* at 4.  In response, the Government first points out that Defendant's "pre-adjustment Base Offense Level ("BOL") was 38, which called for an advisory guideline range of 235 to 293 months' imprisonment," and that Defendant's final, adjusted advisory guideline range was reduced to 135 to 168 months of imprisonment, based on an adjusted offense level of 33.  [*Doc. 9* at 2].  The Government contends, in part, that Defendant's ineffective assistance of counsel claim is without merit because even if Defendant's counsel provided him with the chart as alleged, Defendant was counseled both in his plea agreement and at

his plea hearing by the Court that he was not guaranteed a particular sentence length and that he would not be able to withdraw his guilty plea even if his sentence was more severe than he anticipated.   [*Doc. 9* at 7-15].

### *1.   Ineffective Assistance of Counsel Claim Regarding Plea Agreement*

In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on an ineffective assistance claim under the *Strickland* standard, Defendant must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance.  *Id.* at 687.  Both showings must be made to satisfy the *Strickland* standard.  *Id*.  To demonstrate unreasonable performance, Defendant must show that his attorney made errors so serious that his performance could not be considered "reasonable[] under prevailing professional norms."  *Id.* at 688.  To demonstrate prejudice, Defendant must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors.  *Id.* at 694.  The Court does not have to address both prongs of the *Strickland* standard if Defendant makes an insufficient showing on one of the prongs.  *Id.* at 697.

Defendant claims that his counsel was ineffective because he provided Defendant with a chart that showed that Defendant's offense level under the plea agreement would be 29, which would place Defendant in a guideline sentencing range of 87-108 months, and that, if the Court adjusted Defendant's offense level down three points due to Defendant's minimal participation, the guideline range would be even lower at 63-78 months.  [*Doc. 1* at 3].  Defendant does not

include a copy of this chart in any of his filings before the Court. Regardless, even if Defendant's counsel provided him with this chart, it would not constitute ineffective assistance of counsel because Defendant was given ample advice and information that his plea agreement could not guarantee him a particular sentence. First, the plea agreement entered into by Defendant and the Government states that Defendant faced a penalty of anywhere from ten (10) years to life imprisonment, but that Defendant could not be certain what sentence he would receive. *See* [*Doc. 50*, filed in Case No. 11-0290, at 2 and 5-7] (stating at page 5, "the Defendant understands that the Court may choose to vary from the advisory guideline sentence;" stating at page 6, "regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court;" and stating at page 7, "[t]here have been no representations or promises from anyone as to what sentence the Court will impose."). At the October 17, 2011 plea hearing, Defendant testified that he understood the plea agreement and that the entire agreement was read to him in his native language before he signed it. [*Doc. 77*, filed in Case No. 11-0290, at 8 and 10-11]. Defendant further testified that no one had made any promises to him outside the plea agreement to induce him to plead guilty, and that Defendant understood that he would not be able to withdraw his plea of guilty even if the sentence imposed by the sentencing judge is more severe than Defendant anticipates. *Id.* at 11-12. Moreover, the judge at the plea hearing explained to Defendant that "any estimate of the sentence which may have been given you by your attorney represents your attorney's good faith belief, but it is still an estimate," and that the sentencing judge "may differ from the estimate given you by your attorney," and Defendant stated that he understood this. *Id.* at 14. Finally, the judge at the plea hearing explained to Defendant that his sentence could not be calculated until a later date -- after Defendant and the United States

had reviewed the PSR and had an opportunity to comment on it and potentially challenge it -- and Defendant stated that he understood this as well.  *Id.*   After making these assurances to the Court at the plea hearing, Defendant agreed to plead guilty pursuant to the plea agreement.  *Id.* at 17-18.

Having considered the foregoing, the Court finds that Defendant was adequately advised that he could not rely on receiving any particular sentence at the time he entered his guilty plea. Moreover, even if Defendant could provide support for his claim that his counsel provided him with a chart showing a lower sentencing range than what the sentencing judge imposed, that would not constitute ineffective assistance of counsel or render Plaintiff's plea involuntary.  *See United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.") (citations omitted); *United States v. Gigley*, 213 F.3d 509, 517 n.3 (10th Cir. 2000) (rejecting claim that plea was not knowing where plea agreement outlined the possible consequences and where court ensured through inquiry that plea was made freely and voluntarily, and stating that "[e]ven if [counsel's] predictions had been inaccurate, that would not constitute ineffective assistance of counsel under these circumstances"); *United States v. Mendez-Zamora*, No. 06-3160, 193 Fed. Appx. 796, 798, 2006 WL 2468311 (10th Cir. Aug. 28, 2006) (unpublished) (rejecting claim that guilty plea was not knowing where "at the change of plea hearing, the District Court specifically verified that [the defendant] understood that his guilty plea did not limit the court's discretion to impose a sentence up to the statutory maximum"); *United States v. Gibson*, No. 02-6108, 59 Fed. Appx. 305, 307, 2003 WL 329249 (10th Cir. Feb. 14, 2003) (unpublished) (rejecting claim that guilty plea was not knowing where evidence showed, *inter alia*, that defendant was informed by the court and by his attorney of the

potential ramifications of the plea).  The Court also notes that Defendant's counsel filed a sentencing memorandum in which he asked the Court to find that Defendant's role in the drug transaction would qualify him as a minimal participant in order to qualify for a lower sentencing range pursuant to the sentencing guidelines.  [*Doc. 60*, filed in Case No. CR-11-0290].  This shows that Defendant's counsel attempted to reduce Defendant's sentence length.  The Court, therefore, finds that Plaintiff's claim of ineffective assistance of counsel is without merit and should be denied.  Because the Court finds that counsel's performance was not deficient, the Court does not need to reach the issue of whether counsel's conduct prejudiced Defendant's case under the second prong of *Strickland*.  *See United States v. Gigley*, 213 F.3d at 517.

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, no evidentiary hearing will be held.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claim raised in Defendant's § 2255 Motion be **DENIED**, and that Case No. CIV-13-0606 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**